The document below is hereby signed.

Signed: March 13, 2013



*S. Martin Teel, Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JAMES GLENINEZ WASHINGTON, | ) | Case No. 12-00705 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER RE DEBTOR'S MOTION
TO WAIVE THE PERSONAL FINANCIAL MANAGEMENT COURSE REQUIREMENT

The debtor's case was closed without the entry of a discharge because the debtor did not file a Certification of Completion of Instructional Course Concerning Personal Financial Management (Official Form 23), as required by 11 U.S.C. § 727(a)(11).

The debtor has filed a letter in which it appears he is asking the court to waive the requirement to take an instructional course concerning personal financial management. The debtor first requests "a stay to be imposed."  He next states:

> I was to take credit counseling and Debtor Education, in which the Credit course has been completed but the Debtor course which I have tried but could not complete because of financial reasons, the internet is $35 dollars[,] the

> phone $45[.]  I am one friend from being homeless.  I need to know how or have it waivered. . . . I am currently in divorce on top of needing a knee replacement.

The requirement to complete a course in personal financial management does not apply "with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone."  11 U.S.C. §§ 727(a)(11), 109(h)(4).  According to the statute,

> incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and 'disability' means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing[.]

11 U.S.C. § 109(h)(4).

The debtor's motion for waiver of the personal financial management course requirement does not state sufficient grounds for a waiver based on incapacity, disability, or active military duty.  The debtor's inability to afford the course is not grounds for a waiver.  If a fee is charged for the course, the agency providing the course must "charge a reasonable fee, and provide services *without regard to ability to pay the fee*[.]"  11 U.S.C. § 111(d)(1)(E) (emphasis added).  Accordingly, the debtor's lack of funds should not be a bar to taking the personal financial management course.

2

As noted in the order closing the case, if the debtor would like to obtain a discharge, he must file a motion to reopen the case, pay the full filing fee for reopening the case or file a motion to waive the reopening fee, and file the Certification of Completion of Instructional Course Concerning Personal Financial Management (Official Form 23).[1]

For all of these reasons, it is

ORDERED that the debtor's motion to waive the personal financial management course requirement (Dkt. No. 26) is DENIED.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of orders.

---

[1] Addressing the debtor's motion to waive the personal financial management course requirement probably necessitates reopening of the case. On the court's own initiative, the case is reopened for the purpose of addressing the motion, with any reopening fee waived, and with the case closed anew upon entry of this order.